UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PETER HESSING-ROPER**, <br><br> Plaintiff, <br><br> v. <br><br> **COMMISSIONER FOR PATENTS**, *et al.*, <br><br> Defendants. | Case No. 24-cv-3295 (CRC) |

### OPINION AND ORDER

*Pro se* plaintiff Peter Hessing-Roper claims to have invented a device capable of stopping incoming enemy missiles. Naturally, he would like a patent for his invention. The U.S. Patent and Trademark Office, however, denied the patent. Hessing-Roper then sued, alleging that the denial was erroneous and that the Patent Office discriminated against him. The Court will deny without prejudice the government's motion to dismiss and grant its alternative request to transfer this case to the U.S. District Court for the Eastern District of Virginia.

### I.  Background

According to the complaint, Hessing-Roper filed an application for a patent with the U.S. Patent and Trademark Office in July 2017 "with 9 Original Claims for New, Original, Expanding, Mobile, Disarming, Relocating, Antimissile, Roll Shield Capable of Stopping Dangerous Incoming Enemy Missiles, Non Nuclear, or nuclear, crashing, dismantling them, relocating them, sending them back to the enemy nations that first launched them to save Millions of American Lives, Billions of Lives around the World." Compl. at 5 (cleaned up). The Patent Trial and Appeal Board denied Hessing-Roper's application on rehearing on August 28, 2024, and the Patent Office declared the application abandoned on November 21, 2024. PTO_1383–95 (rehearing decision); PTO_1398 (abandonment).

On November 15, 2024, Hessing-Roper sued in this Court, alleging that the denial was unlawful and that the Patent Office discriminated against him. See Compl. The government has moved to dismiss or, in the alternative, transfer.

## II.    Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). In actions against officers or employees of the United States, venue is proper in any district where "(A) a defendant in the action resides, [or] (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. 1391(e)(1). District courts exercise their discretion to decide whether to grant a motion to change venue "according to an 'individualized, case-by-case consideration of fairness.'" Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). Yet, "a court may not transfer a case from a plaintiff's chosen forum simply because another forum, in the court's view, may be superior to that chosen by the plaintiff." W. Watersheds Project v. Pool, 942 F. Supp. 2d 93, 96 (D.D.C. 2013) (quoting Sierra Club v. Van Antwerp, 523 F. Supp. 2d. 5, 11 (D.D.C.2007)).

In deciding motions to transfer, district courts consider both private-interest factors concerning the parties involved as well as public-interest factors that "come under the heading of 'the interest of justice.'" Stewart, 487 U.S. at 30. The private-interest factors include: "(1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof." Sierra Club v. Flowers, 276 F. Supp. 2d 62, 65 (D.D.C. 2003). The public-interest factors include: "(1) the transferee's familiarity with the governing

laws; (2) the relative congestion of the calendars of the transferor and transferee courts; and (3) the local interest in deciding local controversies at home." Id.  The moving party bears the burden of establishing that transfer satisfies these criteria.  See S. Utah Wilderness Alliance v. Lewis, 845 F. Supp. 2d 231, 234 (D.D.C. 2012).

**III. Analysis**

The government contends that (1) the Court lacks jurisdiction over Hessing-Roper's challenge to the denial and (2) venue is improper here for Hessing-Roper's discrimination claims because the Patent Office is not located in this district.  The Court will take each in turn.

A. Lack of Jurisdiction

The government correctly notes that parties seeking to challenge the denial of a patent may do so only before the U.S. Court of Appeals for the Federal Circuit or the U.S. District Court for the Eastern District of Virginia.  See Mot. Dismiss at 5; 35 U.S.C. §§ 141(a), 145.  This Court is neither of those, so transfer to the Eastern District of Virginia might be appropriate.  But the government argues that transfer would be futile because this lawsuit is time-barred.  It claims Hessing-Roper was required to file this lawsuit within 63 days of the Patent Trial and Appeal Board's denial of his application on rehearing, which was October 30, 2024.  Mot. Dismiss at 6–7.  Because this case was not filed until about two weeks later, on November 15, 2024, the government says, transfer would be futile.

Two holes in the government's briefing give the Court pause.  First, it is not totally clear when the limitations period began to run.  The government cites to 37 C.F.R. § 90.3(a)(3), which specifies that a lawsuit must be filed 63 days after "the final Board decision."  According to the government, the operative decision is the Board's denial on rehearing.  Mot. Dismiss at 6.  But the government does not cite any authority defining what "final Board decision" means.  See id.

3

And the Patent Office declared Hessing-Roper's application "abandoned" on November 21, 2024—after Hessing-Roper filed this case. See Mot. Dismiss at 2; PTO_1398. Why, then, does the statute of limitations not run from November 21st? The government does not explain.

Second, Hessing-Roper claims, and the government does not dispute, that he mailed his complaint to this Court before the government's asserted deadline. See Opp'n at 13; Compl. Ex. 1 at 105 (signed by Hessing-Roper on October 21, 2024). He also claims that the Court received the complaint about a week before the asserted deadline. Opp'n at 13. The government responds that the time of mailing does not matter, and that the only relevant inquiry is when the case is deemed filed by the Clerk's office. Reply at 4. Even if that were so, Hessing-Roper's diligence may support equitably tolling the filing deadline, a possibility that the government failed to address.

In light of the above, the government has not definitively proven to the Court that transfer to the Eastern District of Virginia would be futile. The government also concedes that these claims, as well as the discrimination claims discussed below, could have been filed in the Eastern District of Virginia if the complaint were timely. Mot. Dismiss at 8–9; Reply at 4. The Court therefore finds it in the interests of justice to transfer these patent claims to the Eastern District of Virginia.

  B. <u>Improper Venue</u>

Next, the Court agrees with the government that venue is improper here as to the discrimination claims. Hessing-Roper resides in Arizona. Compl. at 1. The defendants, on the other hand, appear to be named in their official capacities as employees of the Patent Office, so the Court will need to determine where the Patent Office resides. See id.; Pittman v. Lappin, 662 F. Supp. 2d 58, 60 (D.D.C. 2009) ("An official capacity suit against a federal official is one

against the agency itself[.]"). As an agency, the Patent Office resides for the purposes of venue where its principal office is located. 35 U.S.C. § 1(b). That office is in Alexandria, Virginia. See 37 C.F.R. § 1.1. The events underlying the discrimination claims also occurred in the Patent Office's office in Virginia. As a result, the Court has little difficulty concluding that venue is improper here.

All that remains is whether the appropriate remedy is dismissal or transfer. See 28 U.S.C. § 1406(a). The government does not address the merits of Hessing-Roper's discrimination claims, so the Court will transfer these claims as well. Because the government concedes that the Eastern District of Virginia would be an appropriate venue, the Court will transfer these claims there in the interests of justice. See Mot. Dismiss at 8–9.[1]

### IV. Conclusion

For these reasons, it is hereby:

**ORDERED** that [13] Defendants' Motion to Dismiss is DENIED WITHOUT PREJUDICE. It is further

**ORDERED** that [21] Plaintiff's Motion for Hearing is DENIED AS MOOT. It is further

**ORDERED** that this case is transferred to the Eastern District of Virginia. It is further

**ORDERED** that Defendants may, at the discretion of the transferee court, renew their motion to dismiss.

CHRISTOPHER R. COOPER
United States District Judge

Date: July 18, 2025

---

[1] The Court will also deny Hessing-Roper's motion for a hearing as moot.